# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MAYO, | ) | |
| Plaintiff, | ) | Civil Action No. 16-1514 |
| v. | ) | Judge Cathy Bissoon |
| GARRETT FINLEY, *et al.*, | ) | Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On September 19, 2018, the Magistrate Judge issued a Report (Doc. 68) recommending that Defendant Garrett Finley's ("Finley's") Motion for Summary Judgment (Doc. 56) be granted, that the claims against Finley be dismissed, and that Defendant Tonya Tate ("Tate") be dismissed from this action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff timely filed objections to the Report (Doc. 69).

The Court has conducted a *de novo* review of the pleadings and documents in this case, including Plaintiff's objections, together with the Report. For the reasons that follow, the Court will adopt the Magistrate Judge's Report, as augmented herein, as the opinion of the District Court.

As the Report fully and accurately describes the background in this matter, (see Report 1-5), the Court will assume the reader's familiarity with the Report and will not restate the background here.

Plaintiff objects to the Report on several grounds: (1) the Report contains factual errors; (2) in discovery, Plaintiff did not receive video camera footage from the angle he requested; (3) the camera footage disclosed to Plaintiff was unclear; (4) the unclear quality of the footage "arguably raises the question of spoliation"; (5) Finley is not entitled to immunity from Plaintiff's state tort claim; (6) contrary to the Report, Tate was properly served in this action; and (7) Finley's Motion for Summary Judgment was untimely. (Objections 1-7.) The Court will address these objections in turn.

While Plaintiff objects that the report contains "several glaring errors of material facts," (id. at 1), Plaintiff does not specify which facts in the Report are alleged to be false.[1] Accordingly, the Court finds that this objection is without merit.

As to Plaintiff's concerns with the angle and quality of the video footage he received during discovery, this is not the appropriate time to raise discovery disputes—the Magistrate Judge has already adjudicated Plaintiff's discovery motions, (see, e.g., Doc. 45 ("[t]here is no requirement that the institution videotape what occurs in prison. . . . [I]f this case proceeds to trial and counsel is appointed the court will allow counsel to view the videotape and also the policy in question.")), and Plaintiff's deadline for filing discovery motions elapsed on October 20, 2017, (Doc. 32). To the extent that Plaintiff argues that Finley committed spoliation by tampering with video footage, Plaintiff presents no evidence to support such a claim beyond the poor quality of the footage itself, which the Magistrate Judge found to be "bad camera footage, rather than lost camera footage," (Doc. 45). In any event, the Court finds that the time to contest the resolution of Plaintiff's discovery motions has long passed.

---

[1] As discussed below, Plaintiff does argue that the Report fails to acknowledge an affidavit stating that Finley slammed his hand in order to impress Tate. (See Objections 5.)

Concerning sovereign immunity, Plaintiff argues—construing his argument liberally, as the Court must—that Finley was not acting within the scope of his duties because he was acting in order to impress Tate. (Objections 5; Exhibit B to Declaration Opposing Summary Judgment, Doc. 67-1.) Considering Plaintiff's minimal evidence of Finley's motive, Finley is entitled to sovereign immunity.

As the Report correctly states:

> Under Pennsylvania law, conduct falls within the scope of employment if it "is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer; and if force is intentionally used by the employee against another, it is not unexpected by the employer." Strothers v. Nassan, Civ. No. 08-1624, 2009 WL 976604, at *8 (W.D. Pa. Apr. 9, 2009) (quoting Natt v. Labar, 543 A.2d 223, 225 (Pa. Commw. Ct. 1988)).

(Report 9.) Finley's actions, as depicted in the video, were of the kind that he was employed and expected to perform and were within the authorized temporal and spatial limits. Plaintiff's evidence that Finley was motivated by a desire to impress Tate consists of an affidavit from a fellow inmate who observed the relevant encounter. (See Exhibit B to Declaration Opposing Summary Judgment, Doc. 67-1.) As a matter of law, this evidence does not suffice to raise a genuine issue for trial. To raise a genuine issue, Plaintiff's evidence must be sufficient for a jury to conclude that Finley was not motivated—even in part—by a purpose to serve his employer, whose interests included protecting Tate. A bare assertion that Finley sought to impress Tate cannot meet this burden.

Plaintiff's objection that Tate was properly served, contrary to the Report, has no bearing on the Report's recommendation. The Report recommends that Tate be dismissed from this action because "there are no claims asserted against her." (Report 10.) A review of the Second Amended Complaint (Doc. 40) confirms this finding.

Finally, Plaintiff objects that Finley's Motion cannot be granted because it was untimely. While it is true that Finley filed his Motion on April 9, 2018, one week past the Magistrate Judge's deadline of April 2, 2018, (see Doc. 55), the Magistrate Judge has discretion to consider late-filed summary judgment motions. See Fed. R. Civ P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."); LCvR 72.C.1 ("In accordance with 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge may hear and determine any pretrial motion or other pretrial matter, other than those motions specified in Rule 4 of the Rules Governing Section 2254 and Section 2255 Proceedings."). The Magistrate Judge committed no error in considering Finley's Motion.

\* \* \*

Accordingly, it hereby is **ORDERED** that Plaintiff's objections (Doc. 69) are **OVERRULED**; Defendant Garrett Finley's Motion for Summary Judgment (Doc. 56) is **GRANTED**; all claims against Defendant Garrett Finley are **DISMISSED**, with prejudice; Defendant Tonya Tate is **DISMISSED** from this action; and the Report and Recommendation (Doc. 68) is **ADOPTED** as the Opinion of the District Court, as supplemented herein.

IT IS SO ORDERED.

December 7, 2018                                     s\Cathy Bissoon
                                                                               Cathy Bissoon
                                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

**WILLIAM MAYO**
FZ-2947
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652